**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAVEN KINLEY-DAVIS,** | | |
| **Plaintiff** | : | **CIVIL ACTION NO. 2:17-CV-03340-JHS** |
| | : | |
| **V.** | : | **ELECTRONICALLY FILED** |
| | : | |
| **NHS HUMAN SERVICES, INC.,** | : | **JURY TRIAL DEMANDED** |
| **NORTHWESTERN HUMAN** | : | |
| **SERVICES OF PHILADELPHIA** | : | |
| **(NHS PHILADELPHIA) and PAUL** | : | |
| **SACHS, individually** | : | |
| **Defendant** | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants NHS Human Services, Inc., NHS Philadelphia, incorrectly designated as

Northwestern Human Services of Philadelphia and Paul Sachs (individually "NHS," "NHS

Philadelphia" and "Sachs; collectively "Defendants") submit this Memorandum of Law in

Support of Their Partial Motion to Dismiss Plaintiff's Complaint and aver as follows:

I.     <u>**INTRODUCTION AND PROCEDURAL HISTORY**</u>

Plaintiff is a current employee of NHS Philadelphia, a non-profit corporation that

provides various behavioral and mental health services to individuals throughout the city of

Philadelphia.  In her Complaint, Plaintiff contends that NHS paid her less then her white and/or

male peers and that NHS denied her a promotion on account of her race, her gender and her

protected activity in violation of Title VII of the Civil Rights Act ("Title VII"), the Pennsylvania

Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("FPO").  To

remedy these alleged misdeeds, Plaintiff brought suit against Defendants.[1]  Notwithstanding the

fact that Defendants will demonstrate Plaintiff has not suffered any discrimination or retaliation,

Plaintiff's PHRA and FPO claims fail as a matter of law as Plaintiff failed to exhaust them.

---

[1] NHS Human Services did not employ Plaintiff.  Rather, she was employed by NHS Philadelphia.  Furthermore, there is no such entity known as Northwestern Human Services of Philadelphia and no such corporation exists.

Notably, the Pennsylvania Supreme Court has held that a charging party cannot file a PHRA claim without first exhausting his or her administrative remedies.  In particular, the PHRA grants exclusive jurisdiction to the Pennsylvania Human Relations Commission ("PHRC") for a year for any such claim.  Pursuant to the PHRA therefore, a charging party is required to allow the PHRC one year to investigate and conciliate any claims alleging a violation of the Act.  It is only after that point that a plaintiff may file suit in state or federal court.[2]  In this case, Plaintiff filed her Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on April 24, 2017.  The EEOC thereafter issued a Dismissal and Notice of Rights on May 1, 2017 and Plaintiff filed suit in this Court on July 26, 2017.  By proceeding in this manner, Plaintiff failed to provide the EEOC or the PHRC with a good faith opportunity to investigate and/or conciliate her claims and Counts IV, V, VI and VII should be dismissed.

In addition to the fact that Plaintiff failed to exhaust her administrative remedies as to her PHRA and FPO claims, Plaintiff's retaliation claims contained in Counts III, V and VII also should be dismissed as Plaintiff failed to include them in her EEOC Charge.  A critical prerequisite to bringing a claim in court pursuant to Title VII or the PHRC is the exhaustion of administrative procedures before the EEOC or a comparable state agency.  If a plaintiff has not exhausted all required administrative remedies prior to initiating suit, then a 12(b)(6) motion is appropriate.  Here, Plaintiff, with the aid of counsel, filed a charge of discrimination with the EEOC alleging discrimination on account of her race and her gender.  Despite the benefit of counsel, in her EEOC charge, Plaintiff failed to raise her retaliation claim, mention the word retaliation or check the box marked retaliation.  Thus, as a reasonable investigation of the filed

---

[2] Section 9-1122 of the FPO contains similar language to the PHRA regarding a private right of action and should be interpreted in the same manner as the PHRA.

charge by the EEOC would not encompass these new claims, they are time-barred and she should be precluded from bringing it.

Finally, Plaintiff's claims against Sachs contained in Counts I, VI and VII of the Complaint should be dismissed because Plaintiff did not identify him in her EEOC Charge and never placed him on notice of any potential claims against him in his individual capacity. Notably, in the Charge Plaintiff dual-filed with the EEOC and the PHRC Plaintiff failed to mention and/or make any allegations related to Sachs. Such an omission is fatal to her claims and Sachs was never placed on notice that he would be sued. As such, all claims brought against Sachs pursuant to the PHRA and the FPO should be dismissed.

## II.   QUESTION PRESENTED

1.   Should the Court dismiss PHRA and FPO claims filed well before the one year anniversary of filing a charge with the administrative agency?

Suggested Answer:   Yes.

2.   Should the Court dismiss retaliation claims against all defendants which plaintiff failed to exhaust her administrative remedies as to these claims?

Suggested Answer:   Yes.

3.   Should the Court dismiss claims against an individual defendant when plaintiff failed to exhaust her administrative remedies as to these claims?

Suggested Answer:   Yes.

## III.   FACTUAL BACKGROUND

Plaintiff, an African American female, is employed by NHS Philadelphia. (Complaint ("Compl.") at ¶ 5). According to Plaintiff, she was paid less than her white peers and was denied a promotion on account of her race and her gender. (Compl. at ¶ 54). As a result, Plaintiff dual-filed a Charge with the EEOC and PHRC on April 24, 2017 naming only NHS Human Services as the Respondent. (Compl. at ¶ 14). On May 1, 2017, approximately a week later, the EEOC

issued a Notice of Dismissal upon Plaintiff's request noting that it could not determine that

Plaintiff suffered any discrimination. (Compl. at ¶ 13).  Plaintiff then filed suit in this Court on

July 26, 2017.

> In her Charge, Plaintiff avers as follows:

>> I was hired by Respondent on January 2, 2012 as a Blended Case Manager Supervisor.   I have since been promoted to Program Director.

>> I have made the Respondent aware I have been looking for a promotion since 2016. A position opened for Executive Director. The Respondent hired one of my coworkers another Program Director (White, Male). From on or about Octobber 2016 to April 2017 I was on a special detail where I was supposed to be compensated for it. Myself and an my coworker (African American, Female) were not compensated like the other member of the team (White, Female) until I complained about being unfairly treated and then I still was not paid the amount I was told I would be paid. On or about December 2016 the Respondent posted a position and then changed the position once I expressed interest to include a license that the Respondent knew I did not have. I asked the Respondent how I could get promoted or do another another consultation and Responding by saying they have another program for me but I have to decorate the Parkside Program.

>> I allege, in violation of Title VII of the Civil Rights Act of 1964, as amended, that I have been denied promotions and wages because of my Sex (Female and my Race (African American). [3]

A copy of Plaintiff's Charge is attached hereto as Exhibit "1".  Notably, nowhere in Plaintiff's

Charge does Plaintiff mention Sachs nor does she identify him as an individual who engaged in

any discriminatory actions.  Likewise, Plaintiff did not check the box marked retaliation and/or

mention that "Respondent" took any actions against her on account of her engaging in protected

activity.  Instead, Plaintiff only identifies NHS as the Respondent and claims that she suffered

discrimination on account of her gender and her race.  As such, Sachs was never placed on notice

as to the claims against him and for the following reasons they should be dismissed.  Similarly,

Defendants were not placed on notice of any alleged retaliation claim and therefore, were

deprived of the opportunity to investigate and/or conciliate any such claims.  Finally, although

---

[3] Defendants have excerpted Plaintiff's Charge filed with the EEOC verbatim.

Plaintiff filed an EEOC Charge, that Charge was dismissed within two (2) weeks of her filing by

the EEOC.  Therefore, Plaintiff failed to allow the PHRC a year to investigate her claims in

violation of the PHRA and the FPO and did not engage in the administrative process in good

faith.

IV.    **ARGUMENT**

     A.    **Standard On Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6)**

     Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of

demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R.

Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atl.

Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Id. at 555.  Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S.

662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to

dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. at 678.  Thus, although

"Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime

of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing

more than conclusions." Id. at 678-79.  Second, the Supreme Court emphasized that "only a

complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

"Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals

observed, be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Id.  A complaint does not show an entitlement to relief when the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." (quoting Twombly, 550 U.S. at 555); Flora v. Wyndcroft Sch., 2013 U.S. Dist. LEXIS 25292, 7-9, 2013 WL 664194 (E.D. Pa. Feb. 25, 2013).

In deciding a motion to dismiss, courts generally consider only the allegations contained in the complaint, any exhibits attached to the complaint and matters of public record. Pension Benefit Guaranty Corp. v. White, 998 F.2d 1192, 1196 (3d Cir. 1993); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1993). However, as is the case here, a plaintiff's failure to attach or cite documents explicitly relied on or integral to the complaint does not preclude the court, when considering a motion to dismiss, from reviewing the text of these extrinsic documents. Rowe v. Morgan Stanley Dean Witter, 191 F.R.D. 398 (D.N.J. 1999). Courts may consider a document that a defendant attaches as an exhibit to a motion to dismiss, provided that its authenticity is undisputed and that plaintiff's claims are based on the document. Pension Benefit, 998 F.2d at 1196 (citing Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992)). Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which he or she relied. See Arizmendi v. Lawson, 914 F. Supp. 1157 (E.D. Pa. 1996) (holding a court may properly look beyond complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to defendant's

6

motion); Keim v. County of Bucks, 275 F. Supp. 2d 628, 632 (E.D. Pa. 2003) (court may

consider a Collective Bargaining Agreement attached as an exhibit to a motion to dismiss).

Therefore, the Court may consider Plaintiff's purported Charge filed with the EEOC.

**B.     Plaintiff's PHRC And FPO Claims Should Be Dismissed Because Plaintiff
        Failed To Wait One (1) Year To File Them**

The Court should dismiss Plaintiff's PHRA and FPO claims contained in Counts IV, V,

VI and VII of the Complaint as Plaintiff failed to exhaust her administrative remedies.  In

particular, Plaintiff filed a Charge with the EEOC on April 21, 2017 and received her Dismissal

and Notice of Rights on May 1, 2017.  She then filed this matter on July 26, 2017.

Pennsylvania law requires that a plaintiff exhaust her administrative remedies under

the PHRA before maintaining a civil suit under that act. 43 P.S. § 962(c); Woodson v. Scott

Paper Co., 109 F.3d 913, 925 (3d Cir. 1997).  Specifically, once a complaint is filed before the

PHRC, the complainant cannot file a judicial action until the PHRC dismisses the complaint or

enters into a conciliation agreement to which the complainant is a party.  Either of these events

must take place within one-year from the PHRC filing. 43 P.S. § 962(c).  If the one-year period

expires with no resolution by the PHRC, the complainant is then free to initiate a court action. [4]

This statutory scheme reflects a legislative intent "to make administrative procedures

under the PHRA a mandatory rather than discretionary means of enforcing the rights created

thereby." Clay v. Advanced Computer Applications, Inc., 522 Pa. 86, 90, 559 A.2d 917, 919

(1989).  "[I]nvocation of the procedures set forth in the [PHRA] entails more than filing of a

complaint; it includes the good faith use of procedures provided for disposition of the

complaint." Lyons v. Springhouse Corp., No. 92-6133, 1993 U.S. Dist. LEXIS 3039, 1993 WL

69515, at *3 (E.D. Pa. Mar. 10, 1993). See also Burgh v. Borough Council of the Borough of

---

[4] The FPO and the PHRA contain virtually identical language regarding the timing of when a plaintiff is permitted to bring suit in state or federal court. Thus, the two statutes should be interpreted the same. See 43 P.S. § 962(c)(1) and Phila. Code § 9-1122(4).

Montrose, 251 F.3d 465, 471 (3d Cir. 2001); Clay v. Advanced Computer Applications, Inc., 522 Pa. 86, 559 A.2d 917, 920 (Pa. 1989) ("the legislative history of section 962(c) shows that the Legislature intended that the PHRC should have exclusive jurisdiction of a complaint alleging violations under the PHRA for a period of one year").  Courts in this District have dismissed PHRA and FPO claims for the failure to utilize the administrative process in good faith. See Deangelo v. DentalEZ, Inc., 738 F. Supp. 2d 572, 586-587 (E.D. Pa. 2010) (dismissing PHRA and FPO claims for failure to exhaust when plaintiff failed to provide administrative agency year to investigate).

The Pennsylvania Supreme Court has explicitly held that a discharged employee cannot file a PHRA claim in the judicial system without first exhausting administrative remedies. See Clay, 559 A.2d at 919.  Applying this binding interpretation of state law, courts in this district have consistently dismissed PHRA claims filed prior to the expiration of the PHRC's one-year exclusive jurisdiction period.  In Lyons v. Springhouse Corp., the court dismissed a PHRA claim, holding that the plaintiff, who filed a civil action only six months after having filed charges with the PHRC, had not exhausted his administrative remedies. See Lyons v. Springhouse Corp., 1993 U.S. Dist. LEXIS 3039, 1993 WL 69515 at *3 (E.D. Pa. March 10, 1993).  There, the Court found "invocation of the procedures set forth in the [PHRA] entails more than filing of a complaint; it includes the good faith use of procedures provided for disposition of the complaint." See Id. at *8.  In dismissing plaintiff's PHRA claim for failing to exhaust administrative remedies, the court noted that the plaintiff did "not ma[ke] a good faith attempt to exhaust his remedies under the [PHRA].  He did not give the Commission an opportunity to resolve his controversy; instead, he filed the present action within six months of filing the charges with the PHRC." Id. at *8.

In <u>Kozlowski v. Extendicare Health Servs., Inc.,</u> the plaintiff filed her initial civil complaint just over five months after filing her administrative complaint with the PHRC. <u>See Kozlowski v. Extendicare Health Servs.,</u> 2000 U.S. Dist. LEXIS 1493, 2000 WL 193502, *4 (E.D.Pa. Feb. 17, 2000). The court granted the defendants' motion to dismiss for failure to exhaust, holding that, in presenting her claim to the court prior to the expiration of one year, plaintiff "refused to give the PHRC the opportunity to resolve her complaint through conciliation and failed even to make a good faith attempt to exhaust her remedies as required by the PHRA." <u>Id</u>. <u>See</u> <u>also</u> <u>Walker v. IMS Am., Ltd.,</u> 1994 U.S. Dist. LEXIS 18620, 1994 WL 719611 (E.D .Pa. Dec. 22, 1994).

Here, there is no question that Plaintiff filed suit well before the one year anniversary of filing her claims with the EEOC and PHRC. In fact, Plaintiff obtained a Dismissal and Notice of Rights from the EEOC within two (2) weeks of her filing a Charge. She then filed this lawsuit two (2) month later. Like <u>Lyons</u>, where the court determined that the plaintiff failed to make a good faith effort to exhaust his administrative remedies, Plaintiff unilaterally attempted to circumvent the one-year exclusive jurisdiction of the PHRC by filing her discrimination claims in federal court shortly after she began the administrative process. Plaintiff therefore did not in good faith utilize the administrative process thereby depriving the EEOC, PHRA and/or the PCHR the opportunity to conciliate this matter. Plaintiff therefore failed to exhaust her administrative remedies as to her PHRC claims and they should be dismissed.

### C. Plaintiff Failed To Exhaust Her Administrative Remedies As To Her Retaliation Claims Brought Pursuant To Title VII, The PHRA And The FPO

The Court should dismiss Plaintiff's retaliation claims contained in Counts III, V, VI and VII because Plaintiff did not include them in her EEOC Charge thereby failing to exhaust her administrative remedies as to these claims. It is well settled that a plaintiff bringing an

employment discrimination claim under Title VII and/or the PHRA must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5.  Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC. Id. §§ 2000e-5(b), (e)(1), (f)(1).  The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action. Burgh v. Borough Council, 251 F.3d 465, 470 (3d Cir. 2001).  The ensuing suit is limited to claims that are within the scope of the initial administrative charge. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996).  "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." Id. See 42 U.S.C. § 2000e-5(f)(1); see Ostapowicz v. Johnson Bronze, Co., 541 F.2d 394 (3d Cir. 1976), cert. denied, 429 U.S. 1041 (1977); see also Johnson v. Chase Home Finance, 309 F. Supp. 2d 667, 672 (E.D. Pa. 2004) (granting motion to dismiss holding plaintiff failed to exhaust claims of retaliation against former employer with EEOC where EEOC charge made no reference to retaliation); Wright v. Philadelphia Gas Works, 2001 WL 1169108 *3 (E.D. Pa. Oct 2, 2001).

Where a plaintiff brings a Title VII, PHRA and/or FPO claim in court without first asserting those claims before the EEOC and/or PHRC, the court must dismiss those claims on the ground that the plaintiff failed to exhaust his or her administrative remedies. See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (quoting Hornsby v. United States Postal Serv., 787 F.2d 87, 90 (3d Cir. 1986) ("the causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits.  A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII:  prior submission of the claim to the EEOC for conciliation or resolution.").  As is the case here, when a plaintiff has filed a charge with the EEOC/PHRC and

10

then brings suit based on allegations not contained in that charge, a district court may assume
jurisdiction over additional charges only "if they are reasonably within the scope of the
complainant's original charges and if a reasonable investigation by the EEOC would have
encompassed the new claims." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d
Cir. 1984); Schouten v CSX. Transp., Inc., 58 F. Supp. 2d 614, 617 (E.D. Pa. 1999) (holding
plaintiff can only bring PHRA claim in court that could have reasonably been expected to grow
out of PHRC complaint).  The district court must dismiss claims that fall outside the scope of a
reasonable investigation of a plaintiff's administrative charge.

  "The relevant test in determining whether [defendant] was required to exhaust her
administrative remedies is whether the acts alleged in the subsequent suit are fairly within the
scope of the prior EEOC complaint, or the investigation arising therefrom." Antol v. Perry, 82
F.3d 1291, 1296 (3d Cir. 1996) quoting (Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984)).
Although this standard does not necessarily preclude a plaintiff from asserting a claim for the
mere failure to check a box on an EEOC Charge Form, it does prevent a plaintiff from "greatly
expand[ing] an investigation simply by alleging new and different facts when [s]he [is] contacted
by the Commission following [her] charge." Hicks, 572 F.2d at 967.  Because the EEOC is
required to serve notice on the employer against whom the charges are made, this standard also
allows an employer to be put on notice of the claims likely to be filed against it. See 42 U.S.C.
§§ 2000e-5(b), (e)(1). Barzanty v. Verizon Pa., Inc., 361 Fed. Appx. 411, 413-414, 2010 U.S.
App. LEXIS 1284, 4-6 (3d Cir. Pa. 2010).

  In the instant case, Plaintiff failed to check the box "retaliation" located on the first page
of her EEOC Charge. See Exhibit 1.  Plaintiff's EEOC Charge is also devoid of any allegations
of retaliation and/or that Plaintiff even engaged in protected activity.  Plaintiff's EEOC Charge is
therefore devoid of any allegations from which retaliation could be inferred and as she noted in

the final line of her Charge, "[she has] been denied promotions and wages because of her sex (female) and her race (African American)." As such, Plaintiff failed to exhaust her administrative remedies as to any retaliation claims and they must be dismissed. Indeed, should Plaintiff be permitted to proceed with a retaliation claim, Defendants will be prejudiced Defendants were not made aware that such allegations were forthcoming. Defendants therefore had no opportunity to conduct an internal investigation into the allegations and they received no communications from the EEOC regarding its assessment of retaliation allegations or any means of conciliation. In short, Plaintiff failed to make any allegations whatsoever that could have been interpreted by the EEOC or Defendants alleging retaliation. Therefore, Plaintiff's retaliation claims contained in Counts III, V and VI should be dismissed for failure to exhaust administrative remedies.

### D.    Plaintiff Failed To Exhaust Her Administrative Remedies With Regard To Her Aider and Abettor Claims Against Sachs

Plaintiff's PHRA and FPO claims contained in Counts VI and VII of the Complaint against Sachs should be dismissed as Plaintiff failed to exhaust her administrative remedies as to those claims. A discrimination action generally may not be maintained against a defendant who is not named as a defendant in the administrative complaint. McLaughlin v. Rose Tree Media School District, 1 F. Supp. 2d 476, 481 (E.D. Pa. 1998). "The purpose of requiring a defendant to be named in an EEOC or PHRA claim is to give that defendant notice of the allegations against it such that the party has an opportunity to resolve the situation without result of further litigation." Id. at 482. The Third Circuit, however, has articulated an exception to this named respondent rule. In Glus v. G. C. Murphy Co., 562 F.2d 880 (3d Cir. 1977), the Third Circuit set forth a four-factor test to determine whether a plaintiff could be deemed to have exhausted administrative remedies and proceed with a lawsuit against a defendant, despite failing to name

that defendant in his/her administrative complaint.  In Schafer v. Board of Public Educ., 903 F.2d

243, 252 (3d Cir.1990), the Third Circuit refined the Glus test and articulated a simplified

version of the exception to the named respondent rule.  See Dixon v. Philadelphia Hous. Auth.,

43 F. Supp. 2d 543, 546 (E.D. Pa. 1999) (noting that the Schafer "articulation of the exception is

a shorthand version of the four-part test stated in Glus").  The Schafer Court held that a case

against an unnamed party may proceed "when the unnamed party received notice and when there

is a shared commonality of interest with the named party." Schafer, 903 F.2d 243, 252.

   In Ivy v. Verizon Pa., Inc., 2011 U.S. Dist. LEXIS 46507, 8-9, 2011 WL 1637939 (W.D.

Pa. Apr. 29, 2011), the United States District Court for the Western District dismissed claims

against individual defendants not identified as respondents in the plaintiff's administrative

charge.  Notably, the Court found that plaintiff failed to exhaust her administrative remedies as

to the individual defendants despite the fact that at least one of the individuals was identified in

the administrative complaint.  The Court held the PHRA claims against all individual defendants

would be dismissed.  Further, the Court found that one of the individual defendants was

plaintiff's immediate superior so plaintiff knew her role and could have named her as a

respondent.  When she filed her administrative claims, however, she failed to do so and therefore

the plaintiffs' claims against that individual were not exhausted and the Complaint dismissed.

   In this case, Sachs is neither named as a Respondent nor mentioned in Plaintiff's EEOC

Charge.  He also was never served with a copy of the Charge and as a result, Plaintiff's aider and

abettor claims fail as a matter of law as Sachs was never provided with notice to the claims

against him in his individual capacity.  Despite this glaring omission, Plaintiff filed suit against

Sachs in his individual capacity.  Because Plaintiff did not name him as a Respondent in her

Charge nor was he served with the Charge by the EEOC, Sachs was never placed on notice of

the claims against him.  Importantly, to hold Sachs liable, Plaintiff will have to establish that he

"aided and abetted" in the discriminatory actions.  This is a separate cause of action that was not

contained in the original EEOC Charge filed by Plaintiff.  Therefore, Plaintiff did not exhaust her

administrative remedies and any claims made against Sachs should be dismissed.  Indeed,

multiple district courts in the Eastern District of Pennsylvania have considered the "notice"

element of the Schafer exception, and concluded that when a plaintiff fails to name individual

defendants in the body of the EEOC complaint, these defendants have not been put on notice that

they could be sued in their *individual* capacities-even when they were aware of the complaint's

existence. Hills v. Borough of Colwyn, 978 F. Supp. 2d 469, 479, 2013 U.S. Dist. LEXIS

149326, *8, 2013 WL 5655523, (emphasis in original) (citing Graudins v. Retro Fitness, LLC,

921 F. Supp. 2d 456, 464 (E.D. Pa. 2013); DuPont v. Slippery Rock Univ. of Pennsylvania, No.

11-1435, 2012 U.S. Dist. LEXIS 3531, 2012 WL 94548, at *4 (W.D. Pa. Jan 11, 2012);

Lightcap-Steele v. KidsPeace Hosp., Inc., No. 05-02578, 2006 U.S. Dist. LEXIS 24518, 2006

WL 1147476, at *6 n.6 (E.D. Pa. Apr. 27, 2006); McInerney v. Moyer Lumber & Hardware,

Inc., 244 F. Supp. 2d 393, 399 (E.D. Pa. 2002)).

## IV.   **CONCLUSION**

The Court should dismiss Plaintiff's PHRA and FPO claims because Plaintiff waited less

than three (3) months after dual filing her Charge with the PHRC before bringing this action,

Plaintiff therefore has not in good faith complied with the requirements of the PHRA and the

FPO.  In addition, Plaintiff's retaliation claims brought pursuant to Title VII, the PHRA and the

FPO also fail as a matter of law as Plaintiff failed to include them in her EEOC Charge and they

were not with the scope of any investigation before that agency.   Finally, all claims brought

against Paul Sachs should be dismissed as Plaintiff never identified him in her Charge of

Discrimination.  Plaintiff's failure in this regard is fatal to her aider and abettor claims and Sachs

brought pursuant to the PHRA and the FPO was never properly brought before an administrative agency as to be given the opportunity to conciliate the claims now made against him.

<div style="margin-left:40%">

Respectfully Submitted,

MURPHY & ASSOCIATES

</div>

BY:    s/Patrick G. Murphy, Esquire     
               PATRICK G. MURPHY, ESQUIRE
               ATTY. I.D. NO. 34815
               EDWARD J. MURPHY, JR., ESQUIRE
               ATTY. I.D. NO. 91814
               640 SENTRY PARKWAY, SUITE 100
               BLUE BELL, PA 19422
               (215) 643-6500

Date:  October 24, 2017        Attorney for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I, Patrick G. Murphy, Esquire, hereby certify that on October 24, 2017 I caused a copy of

Defendants' Memorandum of Law In Support of their Partial Motion to Dismiss Plaintiff's

Complaint to be served electronically upon the following person:

> Samuel C. Wilson, Esquire
> Derek Smith Law Group, PLLC
> 1845 Walnut Street, Suite 1600
> Philadelphia, PA  19103


> BY:   s/Patrick G. Murphy, Esquire
>       PATRICK G. MURPHY, ESQUIRE
>       ATTY. I.D. NO. 34815
>       EDWARD J. MURPHY, JR., ESQUIRE
>       ATTY. I.D. NO. 91814
>       640 SENTRY PARKWAY, SUITE 100
>       BLUE BELL, PA 19422
>       (215) 643-6500
>       Attorney for Defendants

16