IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAVEN KINLEY-DAVIS,

    Plaintiff,

v.

NHS PHILADELPHIA, et al.,

    Defendants.

CIVIL ACTION
NO. 17-03340

**OPINION**

**Slomsky, J.**                                                                                                                May 29, 2018

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Raven Kinley-Davis, an African American woman, brings this suit against Defendants NHS Philadelphia,[1] her current employer, and Paul Sachs, a fellow employee who had supervisory authority over her.[2] (Doc. No. 1.)

On April 24, 2017, Plaintiff filed a charge of discrimination (also known as an administrative complaint) with the Equal Employment Opportunity Commission (EEOC). (Id. ¶ 14.) On May 1, 2017, she received a Dismissal and Notice of Rights from the EEOC, which allowed her to file the instant Complaint. (Id. ¶ 15.)

On July 26, 2017, Plaintiff filed the Complaint. (Id.) In Count I, she alleges claims of discrimination and retaliation based on race under 42 U.S.C. § 1981. (Id. ¶¶ 64-67.) In Count II, she alleges discrimination based on race and sex under Title VII of the Civil Rights Act of 1964

---

[1] On January 18, 2018, the Court approved a stipulation of the parties that NHS Human Services, Inc. and Northwestern Human Services of Philadelphia be substituted with NHS Philadelphia as named Defendant in this matter. (Doc. No. 16.)

[2] Plaintiff's employer is a non-profit corporation that provides behavioral and mental health services to individuals in Philadelphia, Pennsylvania. (Doc. No. 1.)

("Title VII"). (Id. ¶¶ 68-70.) In Count III, she alleges retaliation under Title VII. (Id. ¶¶ 71-73.) In Count IV, she alleges discrimination based on race and sex under the Pennsylvania Human Relations Act (PHRA). (Id. ¶¶ 74-77.) In Count V, she alleges retaliation under the PHRA. (Id. ¶¶ 78-80.) In Count VI, she alleges aiding and abetting under the PHRA. (Id. ¶¶ 81-83.) In Count VII, she alleges discrimination and retaliation based on race and sex as well as aiding and abetting under the Philadelphia Fair Practices Ordinance (FPO). (Id. ¶¶ 84-88.) Thereafter, Defendants filed a Partial Motion to Dismiss the Complaint. (Doc. Nos. 5-6.) On November 21, 2017, Plaintiff filed a Response in Opposition to the Partial Motion to Dismiss. (Doc. No. 8.) Defendants filed a timely Reply. (Doc. No. 12.) On December 13, 2017, a hearing was held on the Motion (Doc. No. 5), which is now ripe for disposition.[3] For the reasons that follow, the Motion will be granted in part and denied in part and the case will be placed in suspense pending a decision by the Pennsylvania Human Relations Commission (PHRC) on Plaintiff's administrative complaint.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss the Complaint in part because they contend that for various reasons the Complaint fails to state a claim. Specifically, Defendants seek to dismiss Counts IV, V, VI and VII brought pursuant to the Pennsylvania Human Relations Act (PHRA) and the Philadelphia Fair Practices Ordinance (FPO); the Retaliation claims in Counts III, V and VII; and all claims made against Paul Sachs in his individual capacity in Counts VI and VII. (Id.) Each of Defendants' arguments in opposition to Plaintiff's claims will be addressed in turn.

---

[3] In reaching a decision, the Court has considered the Complaint (Doc. No. 1), the Partial Motion to Dismiss the Complaint (Doc. No. 5), Plaintiff's Response in Opposition (Doc. No. 8), Defendants' Reply (Doc. No. 12) and the arguments of counsel at the hearing on the Motion held on December 13, 2017 (Doc. No. 15).

### A. Plaintiff's PHRA and FPO Claims Will Not Be Dismissed for Failure to Exhaust Her Administrative Remedies. Rather, the Case Will Be Placed in Suspense Pending a Decision by the PHRC.

Defendants contend that the Court should dismiss Plaintiff's PHRA and FPO claims contained in Counts IV through VII of the Complaint. They assert that Plaintiff has failed to exhaust her administrative remedies under the requisite enabling statutes, given that she filed her Complaint before the one-year period in the PHRA and FPO had expired. This expiration date begins the time during which the charge of discrimination must be filed in court. The need for Plaintiff to wait one year to file suit under the PHRA or FPO would be obviated if the PHRC either has dismissed the charge or Plaintiff was a party to a conciliation agreement. Neither has been done to date. (Doc. No. 5-2 at 7.)

A plaintiff "must exhaust all required administrative remedies before bringing a claim for judicial relief." Mandel v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (quoting Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997)). To bring a claim under the PHRA, a plaintiff must file a charge of discrimination with the PHRC or EEOC, which transmits the complaint to the PHRC, and procure a notice of the right to sue. Id.; Lukas v. Westinghouse Elec. Corp., 419 A.2d 431, 452 (Pa. Super. Ct. 1980) (explaining that transmittal of the EEOC complaint to the PHRC constitutes a filing of a verified administrative complaint). Once a complaint is filed before the PHRC, the complainant cannot file a judicial action until the PHRC dismisses the charge or enters into a conciliation agreement to which the complainant is a party. 43 Pa. Cons. Stat. § 962(c). Either of these events must take place within one year of the PHRC filing. Id. If the one-year period expires with no resolution by the PHRC, the complainant is then free to initiate a court action. Id. The FPO has the same requirements as to timing for when a plaintiff is permitted to bring suit in state or federal court. Phila. Code § 9-1122.

Here, Plaintiff filed a charge of discrimination with the EEOC on April 24, 2017 (Doc. No. 5-3 at 2) and received her Dismissal and Notice of Rights (otherwise known as a notice of right to sue) on May 1, 2017 (Doc. No. 19). She then filed this action on July 26, 2017 (Doc. No. 1), which was premature on the state law claims because it was filed before the one-year period in the PHRA and FPO had expired. As noted, to date, the PHRC has not dismissed the charge and there has been no conciliation agreement. Therefore, Plaintiff filed suit before exhausting her administrative remedies according to the requirements in the PHRA and FPO. 43 Pa. Cons. Stat. § 962(c); Phila. Code § 9-1122.

However, for reasons stated on the record at the hearing with counsel for the parties held on December 13, 2017, the Court need not dismiss Plaintiff's claims under these statutes because it can instead place the case in suspense pending a decision by the PHRC on the charge of discrimination. Once the PHRC issues a decision, the case will be restored to active status and Plaintiff's claims will be considered as timely filed. Thus, the Court will not dismiss Plaintiff's PHRA and FPO claims contained in Counts IV through VII. Rather, the Court will place the case in suspense pending a decision by the PHRC.

**B. Plaintiff Exhausted Her Administrative Remedies as to Her Retaliation Claims Brought Pursuant to Title VII, the PHRA and the FPO**

Defendants argue that the Court should dismiss Plaintiff's retaliation claims contained in Counts III, V and VII because Plaintiff did not include them in her charge of discrimination with the EEOC. For this reason, Defendants argue that Plaintiff has failed to exhaust her administrative remedies. In her Response, Plaintiff does not dispute that she did not check the box on her charge of discrimination alleging retaliation. However, she asserts that because she alleged "numerous instances where Defendants retaliated against her as a result of her reporting

claims of discrimination," her allegations in the charge can be reasonably interpreted to include an additional claim of retaliation. (Doc. No. 8 at 6.)

"As a precondition to bringing suit under Title VII and the PHRA, a plaintiff must exhaust a claim by presenting it in an administrative charge to the EEOC and the [PHRC]." Weems v. Kehe Food Distribs., Inc., 804 F. Supp. 2d 339, 342 (E.D. Pa. 2011) (citing Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996)); see also Hicks v. ABT Assocs., Inc., 572 F.2d 960, 963 (3d Cir. 1978) ("The filing of a charge with the [EEOC] by an aggrieved party and the receipt of a notice of the right to sue are jurisdictional prerequisites to a civil action under Title VII."). "The purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it 'the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.'" Webb v. City of Philadelphia, 562 F.3d 256, 262 (quoting Antol, 82 F.3d at 1296).

The test in the Third Circuit for exhaustion of administrative remedies is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Antol, 82 F.3d at 1295 (citation omitted). The scope of the original charge should be liberally construed because charges are "most often drafted by one who is not well versed in the art of legal description." Hicks, 572 F.2d at 965.

> Although this standard does not necessarily preclude a plaintiff from asserting a claim for the mere failure to check a box on an EEOC Charge Form, it does prevent a plaintiff from "greatly expand[ing] an investigation simply by alleging new and different facts when [s]he [is] contacted by the Commission following [her] charge."

Barzanty v. Verizon Pa., Inc., 361 F. App'x 411, 414 (3d Cir. 2011) (alterations in original) (quoting Hicks, 572 F.2d at 967).

5

In this case, Plaintiff's retaliation claims as alleged in the Complaint fall within the scope of the prior EEOC complaint.[4] While the cause of discrimination box was marked for sex and race discrimination only on Plaintiff's Form that she filed with the EEOC and which was referred to the PHRC, the narrative section of the charge details Plaintiff's complaints of retaliation by her employer. Specifically, Plaintiff states that she complained about being unfairly treated, an alleged protected activity; and that her employer posted a position and then after Plaintiff expressed interest, changed it to require a license the employer knew that Plaintiff did not have, which would constitute an alleged retaliatory act. In this regard, the narrative section of the charge reads as follows:

> I was hired by Respondent on January 2, 2012 as a Blended Case Manager Supervisor. I have since been promoted to Program Director.
>
> I have made the Respondent Aware I have been looking for a promotion since 2016. A position opened up for Executive Director. The Respondent hired one of my coworkers another Program Director (White, Male). From on or about Octobber [sic] 2016 to April 2017 I was on a special detail where I was supposed to be compensated for it. Myself and [] my coworker (African American, Female) were not compensated like the other member of the team (White, Female) until I complained about being unfairly treated and then still was not paid the amount I was told I would be paid. On or about December 2016 the Respondent posted a position and then changed the position once I expressed interest to include a license that the Respondent knew I did not have. I asked the Respondent how I could get promoted or do another consultation and Respond[ent stated] they have another program for me but I have to decorate the Parkside Program.
>
> I allege, in violation of Title VII of the Civil Rights Act of 1964, as amended, that I have been denied promotions and wages because of my Sex (Female) and my Race (African American).

While Plaintiff did not mark the box in the charge of discrimination for retaliation, she has alleged sufficient facts such that a claim for retaliation may be said to have been "within the

---

[4] The elements of a retaliation claim are as follows: (1) plaintiff engaged in conduct protected by Title VII; (2) the employer took adverse employment action against plaintiff; and (3) there is a causal link between the protected conduct and the employer's adverse action. See Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 200 (3d Cir. 1994).

scope of the prior EEOC complaint, or the investigation arising therefrom." Antol, 82 F.3d at 1295. Therefore, construing the scope of the original charge liberally, Hicks, 572 F.2d at 965, Plaintiff adequately exhausted her administrative remedies with respect to retaliation.

**C. Plaintiff Failed to Exhaust Her Administrative Remedies with Regard to Her Claims Against Paul Sachs**

Defendants argue that Plaintiff failed to exhaust her administrative remedies with regard to her claims against Paul Sachs in Counts VI and VII. Since Plaintiff did not name Sachs as a Respondent in her EEOC charge and he was not served with the charge by the EEOC, Sachs contends that he was not placed on notice of the claims against him. (Doc. No. 5-2 at 13.) For this reason, he was not afforded the opportunity to resolve the claim filed against him at the EEOC level.

"Before filing suit under the PHRA, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination . . . with the [PHRC] or EEOC." Hills v. Borough of Colwyn, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013). "The purpose of requiring a defendant to be named in the EEOC or PHRA claim is to give that defendant notice of the allegations against it such that the party has an opportunity to resolve the situation without resort to further litigation." McLaughlin v. Rose Tree Media Sch. Dist., 1 F. Supp. 2d 476, 481 (E.D. Pa. 1998). The Third Circuit has recognized an "exception when the unnamed party received notice and when there is a shared commonality of interest with the named party." Schafer v. Bd. of Educ., 903 F.2d 243, 252 (3d Cir. 1990) (citing Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir. 1980)).

Here, Plaintiff has failed to exhaust her administrative remedies as to Paul Sachs. Her charge filed with the EEOC is silent as to Sachs and he was never served with a copy of the

charge. Therefore, Sachs was not given the requisite notice that he could be sued in his individual capacity.

Several district courts in the Third Circuit have dismissed claims for failure to exhaust administrative remedies against individual defendants not named as respondents in the administrative complaint because the individuals, like Sachs, were not put on notice that they could be sued in their individual capacities. Hills, 978 F. Supp. 2d at 980; DuPont v. Slippery Rock Univ. of Pa., 2:11-cv-1435, 2012 WL 94548, at *4 (E.D. Pa. Jan. 11, 2012); Ivy v. Verizon Pa., Inc., 2011 WL 1637939, at *3 (W.D. Pa. Apr. 29, 2011); Lightcap-Steele v. KidsPeace Hosp., Inc., 05-02578, 2006 WL 1147476, at *6-8 (E.D. Pa. Apr. 27, 2006); McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 397-99 (E.D. Pa. Dec. 31, 2002). Because there was nothing in the administrative complaint to suggest that Sachs would be charged in his individual capacity, Plaintiff has not exhausted her administrative remedies as to him. Accordingly, the claims in Counts VI and VII against Paul Sachs in his individual capacity will be dismissed.

### III. CONCLUSION

For these reasons, Defendants' Motion to Dismiss (Doc. No. 5) will be granted in part and denied in part. The case will be placed in suspense pending a decision by the PHRC on Plaintiff's charge of discrimination. An appropriate Order follows.